UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TAMMY A. GIAQUINTO,

    Plaintiff,

v.                                Case No:    2:14-cv-563-FtM-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

    Plaintiff, Tammy A. Giaquinto, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to 42 U.S.C. § 405(g).

    **I.**     **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.**   **Social Security Act Eligibility**

    The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §§ 1520(a)(4)(iv), 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d at 1278 n.2.

### C. Procedural History

Plaintiff filed an application for a period of disability, DIB, and SSI in May 2013 alleging disability beginning January 1, 2010, due to bipolar disorder, depression, and suicidal ideation. (Tr. 177-78, 191). Plaintiff's application was denied initially on September 16, 2013, and on reconsideration on October 24, 2013. (Tr. 132, 142). Plaintiff requested a hearing and on January 20, 2014, a hearing was held before Administrative Law Judge Dwight Evans (the "ALJ"). (Tr. 38-75). The ALJ issued an unfavorable decision on April 9, 2014. (Tr. 18-27). Plaintiff requested review of the ALJ's decision, and the Appeals Council denied review on July 24, 2014. (Tr. 1-3). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on September 29, 2014.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2010, Plaintiff's alleged onset date. (Tr. 20). At step two, the ALJ found that Plaintiff suffered from the following severe impairments: affective disorder, anxiety disorder, substance abuse (not material). (Tr. 20). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in "20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." (Tr. 21).

Before proceeding to step 4, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to

> The full range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c).  The claimant is able to occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand/walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday, and has unlimited ability to push and pull including operation of hand and/or foot controls.  The claimant is able to perform simple, routine, repetitive, unskilled tasks.  The claimant should avoid frequent interaction with others including the general public in the work setting.  Occasionally is defined as up to 1/3 of the time in an 8-hour workday.  Frequently is 1/3 to 2/3 of the time in an 8-hour workday.

(Tr. 22).  At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as an office manager.  (Tr. 26).

At step five, the ALJ applied the Grids and found that there are jobs that exist in significant numbers that Plaintiff can perform.  (Tr. 26).  The ALJ concluded that Plaintiff was not under a disability from January 1, 2010, through the date of the ALJ's decision, April 9, 2014.  (Tr. 27).

**II.     Analysis**

Plaintiff raises the following issues on appeal:  (1) whether the ALJ erred by failing to state the weight given to the medical evidence of record; and (2) whether the ALJ erred by failing to question the VE and by failing to allow Plaintiff to question the VE.  The Court addresses each issue in turn.

### a) Whether the ALJ erred by failing to state the weight given to the medical evidence of record.

Plaintiff argues that the ALJ erred by failing to give appropriate weight to the opinions of treating physicians Dr. Bernardo J. Arias, Dr. Ronald Ramirez, Dr. Gregory Young, Dr. Tal Hazan, and the physicians at Cape Coral hospital.  (Doc. 21 p. 7-8).  In response, Defendant argues that Plaintiff must do more than make a general argument that the ALJ did not state the weight he

accorded the above sources. (Doc. 22 p. 4). Defendant contends that Plaintiff has failed to show that the medical evidence from these doctors does not support the ALJ's findings. (Doc. 22 p. 4-6).

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79. The Eleventh Circuit explained that without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)). Applying this rule of law, the Eleventh Circuit found that an ALJ had erred by failing to mention a treating doctor's medical opinion or to discuss pertinent elements of an examining physician's medical opinion, and the ALJ's conclusions suggest that those elements were not considered. 631 F.3d at 1179. The Eleventh Circuit explained that "[i]t is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence." *Id.*

The Court begins with the ALJ's treatment of the medical records from Dr. Arias. In his opinion, the ALJ addressed this evidence as follows:

> A review of the claimant's medical records indicates that she has received psychiatric treatment from Dr. Bernardo J. Arias since 2008. Dr. Arias' treating records are handwritten and mostly illegible. The record contains little to no treatment records at around the alleged onset date. A treating record dated December 14, 2009 indicates that the claimant was diagnosed and treated for generalized anxiety disorder, major depressive disorder

> NOS, ADHD, and insomnia. She claimed to be doing well on her current medications. She denied any mania, delusions, and auditory/visual hallucinations. She denied having depression or any suicidality. She was having no problems and was doing well. On February 25, 2010, a treating record indicates that at this time the claimant was under a lot of stress and feared she was going to lose her job. She complained of a man stalking her. She complained of depression and having crying spells. She denied suicidality and psychotic symptoms. Her medications were adjusted. A treatment note dated July 21, 2010 indicates that the claimant was doing well with no problems. Her mental status examination was within normal limits. She was stable at this current medication regimen and dose. (Ex 7F).
>
> At this time, the record reflects significant gaps in the claimant's history of treatment. She does not appear to return to Dr. Aria until February 2011. She reported moderate depression without suicidality and psychotic symptoms. Her medications were adjusted. On follow-up, in March 2011, she reported that her depression was much improved on Celexa. She was functioning better and her anxiety was better as well. In August 2011, she continued to report doing well with no complaints. She is noted as being much improved. She appeared to be stable and doing well through March 7, 2012, her last documented treating visit with Dr. Aria. (Ex. 1F, 7F).

(Tr. 23-24). Given this thorough discussion of the medical evidence from Dr. Arias, the concerns the Eleventh Circuit expressed in *Winschel* are not applicable. The ALJ's reasoning is clearly set forth, and while the ALJ does not specify a weight given to the evidence from Dr. Arias, it is clear that the ALJ did not find that it supported limitations greater than those in his RFC finding. Plaintiff has failed to show how Dr. Arias' treatment notes establish more restrictive limitations than found by the ALJ.

The Court reaches a similar conclusion as to the medical evidence from Dr. Ramirez, Dr. Young, and the physicians at Cape Coral Hospital. As for the records from Dr. Ramirez, they show that Plaintiff presented to Dr. Ramirez for her annual gynecological examination and pap smear exam on April 23, 2010. (Tr. 460). Dr. Ramirez noted routine gynecological examination but assessed accelerated essential hypertension. (Tr. 462). Plaintiff returned to Dr. Ramirez on June 3, 2013, complaining of cough with phlegm and chest congestion. (Tr. 464). Dr. Ramirez

noted that Plaintiff exhibited no psychological symptoms, no feelings of hopelessness, and no anhedonia at that time. (Tr. 465). Dr. Ramirez assessed acute bronchitis. (Tr. 466). On December 9, 2013, Plaintiff returned to Dr. Ramirez complaining of high blood pressure with headaches. (Tr. 469). Dr. Ramirez noted that Plaintiff had been noncompliant with her hypertension medication. (Tr. 469). Dr. Ramirez also noted that Plaintiff's prescriptions for her depression and bipolarism were recently adjusted. (Tr. 469). Plaintiff returned to Dr. Ramirez on December 26, 2013, for a follow-up. (Tr. 475). Dr. Ramirez noted that Plaintiff' was feeling fine with no new symptoms, and that she was taking medications as prescribed. (Tr. 475).

The record shows that on September 11, 2013, Dr. Young examined Plaintiff for depression and noted that she was able to focus and concentrate when taking medication, had a fair fund of knowledge, good judgment, fair insight, coherent, logical, and goal directed speech, no suicidal ideations, and depressed and anxious mood. (Tr. 456-57). Dr. Young diagnosed major depression and alcohol abuse. (Tr. 458). Plaintiff acknowledges that the ALJ addressed evidence from Dr. Young in his opinion. (Doc. 21 p. 6).

The medical evidence from Cape Coral Hospital shows that Plaintiff was admitted on March 29, 2012. (Tr. 328). The records show that Plaintiff arrived via EMS after they were called to her house because her ex-husband found her unconscious on the floor in the bedroom. (Tr. 328). Notes from her hospital show a principle diagnosis of a suicide attempt and secondary diagnoses of chronic anxiety, depression, and hypertension. (Tr. 329). Plaintiff was discharged on March 31, 2012. In his opinion, the ALJ discussed the medical records related to Plaintiff's admission to Cape Coral Hospital and noted that Plaintiff was not depressed and had no psychotic manifestations when discharged. (Tr. 24). Furthermore, the ALJ noted that Plaintiff subsequently sought treatment from Lee Mental Health, and her progress notes show that she did not have any

complaints, was sleeping, and eating well, her judgment and insight were fair, thought coherent, and that her condition was stable with medications. (Tr. 24, 340, 342, 348, 361, 363, 365, 367, 369-72).

As was the case with Dr. Arias, Plaintiff has failed to show that the medical evidence from these sources establishes more restrictive limitations than found by the ALJ. Given this failure, the Court does not find it appropriate to remand on the basis that the ALJ failed to state the weight accorded to these sources.

As for the evidence from Dr. Hazan, the Court finds that the issue is much closer as the ALJ failed, not only to state the weight accorded this evidence, but even to discuss Dr. Hazan's records in his opinion. The record reflects that Plaintiff presented to Dr. Hazan on a single occasion, January 20, 2014. (Tr. 510). Dr. Hazan listed Plaintiff's active problems as abdomen tenderness, abdominal pain, abnormal liver function tests, change in bowel habits, chest pain or discomfort, current smoker, family history of large intestine neoplasm malignant, heavy alcohol consumption, and history of hypertension (systemic). (Tr. 510). Dr. Hazan's Assessment was abnormal liver function test probably related to alcohol liver disease, change in bowel habits rule out irritable bowel syndrome and alcohol, abdominal pain rule out irritable bowel syndrome and gastritis, and family history of colon cancer. (Tr. 512).

While it was incorrect for the ALJ to fail to discuss and state the weight accorded to the notes from Dr. Hazan, the Court finds it inappropriate to remand the case to the ALJ to review one treatment record. Dr. Hazan assessed an abnormal liver function test and noted that Plaintiff was experiencing abdominal pain. Dr. Hazan's notes, however, do not contain any findings that would support more restrictive limitations than the ALJ found in his RFC finding. For this reason, the

Court will not remand this case for the ALJ's insufficient discussion of Dr. Hazan's treatment records.

> **b) Whether the ALJ erred by failing to question the VE and by failing to allow Plaintiff to question the VE.**

Plaintiff argues that the ALJ erred by failing to elicit testimony from Jeannine M. Salek, the VE who appeared via telephone during the entire administrative hearing. (Doc. 21 p. 5). Plaintiff contends that the ALJ "obviously" decided the appearance of the VE was needed to determine whether Plaintiff's "work skills could be used in other work and the specific occupations in which they could be used, as he requested her appearing at the hearing." (Doc. 21 p. 5). In addition, Plaintiff contends that the ALJ erred by not granting Plaintiff an opportunity to question the VE. (Doc. 21 p. 6).

In response, Defendant argues that the ALJ was not required to ask the VE questions and the ALJ did not deny Plaintiff the opportunity to ask questions. (Doc. 22 p. 7). Defendant contends that the ALJ indicated during the administrative hearing that the VE was not necessary and that Plaintiff's attorney did not object or indicate that he had any questions. (Doc. 22 p. 7). In addition, Defendant argues that Plaintiff's argument is without merit because she fails to indicate what questions she would have asked the VE. (Doc. 22 p. 7).

Here, the Court rejects Plaintiff's argument that the ALJ erred because once the VE appeared at the administrative hearing, the ALJ was required to ask her questions. Plaintiff, however, fails to cite to any authority showing that an ALJ is required to do so. At step five of the sequential evaluation process, there are two avenues by which the ALJ may determine whether the Plaintiff has the ability to adjust to work in the national economy: either by using the Grids or by testimony from a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40. An ALJ cannot rely exclusively on the Grids when a claimant is unable to perform a full range of work at a given

residual functional level or when a Plaintiff has non-exertional impairments that "significantly limit [her] basic work skills." *Id*. at 1242. "Significantly limit basic work skills" means that the limitations prohibit a plaintiff from performing a "wide range" of work at a given level. *Id*. at 1243. If Plaintiff cannot perform a full range of work at a given level or has non-exertional impairments that prohibit a wide range of work at a given level, the ALJ may use the grids as a framework, but must also introduce independent evidence, preferably through a vocational expert's testimony, of the existence of jobs in the national economy that Plaintiff can perform. *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996).

In this case, the ALJ determined that Plaintiff is capable of performing a full range of medium work and applied the Grids to conclude that Plaintiff is not disabled. As the ALJ applied the Grids, it was unnecessary for the ALJ to question the VE to determine Plaintiff's ability to find work in the national economy. Plaintiff has not challenged the ALJ's decision on the basis that he incorrectly applied the Grids. For these reasons, the Court finds that the ALJ did not err when he did not question the VE.

Likewise, the Court finds that the ALJ did not err by failing to allow Plaintiff's counsel an opportunity to question the VE at the administrative hearing. The transcript of the administrative hearing shows that the ALJ indicated at the hearing that the VE was not necessary and Plaintiff's attorney did not object or indicate that he had any questions for the VE. (Tr. 73). After the ALJ excused the VE from the testifying and thanked her, the ALJ indicated that he would try to get a decision released as soon as possible and Plaintiff's counsel stated "[w]onderful." (Tr. 73). Plaintiff has failed to explain the questions she would have asked the VE and how these questions could have changed the ALJ's outcome. Without a showing of prejudice, the Court finds no basis to reverse and remand to allow Plaintiff to question a VE.

### III.     Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 18, 2016.

/s/ Douglas N. Frazier
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties